# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiffs Byron Purdy, Joseph Gentile, and Brandon Johnson ("Named Plaintiffs"), individually, and on behalf of all other similarly-situated individuals who have joined this case as Party-Plaintiffs ("Opt-in Plaintiffs") ("Named Plaintiffs" and "Opt-In Plaintiffs" collectively referred to as "Plaintiffs"), and Defendants Jerry Stanfill, Beverly Stanfill, Stanfill, Inc., J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc. ("Defendants"), by and through their respective counsel of record, agree to resolve their claims by this Settlement Agreement and Release of Claims ("The Settlement").

WHEREAS, on July 9, 2013, Named Plaintiffs filed a lawsuit captioned Byron Purdy, et al. v. Stanfill, Inc., d/b/a Stanfill Sonics, subsequently amended on August 18, 2014, adding additional Defendants J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc., which is pending in the United States District Court for the Western District of Tennessee - Eastern Division (the "Court") bearing the Case No. 1:13-cv- 01211 (the "Lawsuit"); and

WHEREAS, the Complaint and Amended Complaint constitute a collective action on behalf of Plaintiffs and all similarly-situated current and former employees of Defendants to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees and costs under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b); and

WHEREAS, on July 18, 2014, the Court granted Plaintiffs' Motion for Conditional Certification, and thereafter Notice was sent to eligible individuals who were afforded the opportunity to join the Lawsuit, and 174 Opt-in Plaintiffs have joined this action by filing their Consents (identified in Exhibit 1 hereto);

WHEREAS, Defendants have filed an Answer and Amended Answer, denying any liability to Plaintiffs and asserting various affirmative defenses;

WHEREAS, Plaintiffs and Defendants (together the "parties") now seek to settle the Lawsuit and all claims raised in the Complaint and Amended Complaint in the Lawsuit, subject to the approval of the Court;

WHEREAS, Plaintiffs' Counsel has fully analyzed and evaluated the merits of Plaintiffs' claims, Defendants' defenses, and this Settlement as it impacts Plaintiffs, and, after taking into account the foregoing, along with the substantial risks of litigation, Plaintiffs' counsel are satisfied that the terms of this Settlement are fair, reasonable and adequate, and are in the best interests of the Named Plaintiffs and Opt-in Plaintiffs; and

WHEREAS, Defendant expressly denies wrongdoing associated with the claims in this Lawsuit, and enters into this Settlement solely for the purpose of avoiding the costs and disruption of ongoing litigation;

NOW, THEREFORE, in consideration of the covenants, terms and conditions set forth herein, the parties hereby agree as follows:

Implementation of the Settlement

1.    The parties will prepare a Joint Motion to the Court seeking approval of this Settlement, and approval of the Notice of Settlement Agreement to Opt-In Plaintiffs, attached as Exhibit 2 and the Settlement Acceptance and Release attached as Exhibit 3.

2.    This Settlement is conditioned upon approval by the U.S. District Court for the Western District of Tennessee - Eastern Division.  Defendants' willingness to enter into this Settlement is conditioned upon their understanding that the documents filed with the Court, and the Court's Order approving the Settlement, will not specify the amounts paid to Plaintiffs or Plaintiffs' counsel, as such information is intended to be confidential and not disclosed to the

public.   To that end, the parties agree that this Settlement Agreement and Release of Claims will be tendered to the Court for in camera review or filed under seal at the Court's direction.

3.      The Effective Date of this Settlement shall be the date the Court has entered its Final Order and Judgment approving the Settlement Agreement and Release and the expiration of any period for filing or noticing any appeal from the judgment or the dismissal of any appeals opposing the Order and Judgment.

Economic Terms of the Settlement

4.      In return for the undertakings by Plaintiffs in this Agreement, and the Named Plaintiffs' execution of this Settlement Agreement and Release of Claims and the Opt-In Plaintiffs' endorsement of the Settlement Checks as referenced in paragraph 8 below, Defendants agree to pay:

A.      The sum of $██████ to participating class members, to be distributed according to a formula based on number of work shifts. The amount to be paid to each Plaintiff is set forth in the Payment Schedule, attached as Exhibit 4. If a Plaintiff does not accept the Settlement by returning the Settlement Acceptance and Release form or failing to endorse the settlement check, the amount to which that Plaintiff would be entitled will revert immediately to Defendants and not be distributed to any remaining class members;

B.      The additional sum of $█████ to Byron Purdy, as a class representative fee;

C.      The additional sum of $█████ to Joseph Gentile, as a class representative fee;

D.      The additional sum of $█████ to Brandon Johnson, as a class representative fee;

E.      A further sum of $██████ to Plaintiffs' attorneys Jackson, Shields, Yeiser & Holt for attorneys' fees;

F.      A further sum of $█████ to Plaintiffs' attorneys Jackson, Shields, Yeiser & Holt for costs; and

G.      A further amount not to exceed $█████ for administrative expenses associated with disbursing the settlement proceeds to the class and obtaining necessary releases ("claims administration expenses"). If the claims administration expenses amount to less than $█████ any excess funds shall revert immediately to Defendants and shall not be distributed to the Plaintiffs or Plaintiffs' counsel.

5.      All payments to the Plaintiffs shall be classified as Fifty Percent (50%) back wages and Fifty Percent (50%) liquidated damages. Checks for back wages will be issued to Plaintiffs less applicable withholdings and deductions. Checks for liquidated damages will be issued to Plaintiffs without withholdings or deductions. Defendants will issue Form 1099's to the Plaintiffs for liquidated damages payments and to Plaintiffs' counsel for attorneys' fees and costs. The participating Plaintiffs will be solely responsible for the reporting and payment of any federal, state and/or local income tax or other tax or any withholding, if any, applicable to payment(s) made pursuant to this Settlement. Defendants make no representations as to the taxability of any portion of the settlement payments to any class member.  Plaintiffs agree to indemnify Defendants for any liability or cost incurred if any taxing authority should dispute the treatment of settlement payments or if Plaintiffs fail to pay all taxes due on their settlement payments.

6.      The aforementioned payments will be due the later of (a) ninety (90) days from the date the parties sign the agreement; or (b) thirty (30) days after the Court approves the settlement. Defendants shall deliver to Plaintiffs' counsel Jackson, Shields, Yeiser & Holt all checks payable to the Plaintiffs and to Plaintiffs' counsel.

7.    If any payments to the Plaintiffs are returned as undeliverable, Defendants will provide Jackson, Shields, Yeiser & Holt with any personal identification information in their possession for such Plaintiffs to help correct any address errors. Any checks that are not negotiated within 180 days of issue shall be null and void.

8.    The checks issued to each Plaintiff ("Settlement Check") will be accompanied by a memorandum affixed to the front of each accompanying check, which will state as follows: "By endorsing the enclosed check you are releasing all 'Released Claims' against the 'Released Parties' as explained in the Release that is attached to the check. Your endorsement of the enclosed check shall operate as if it was on a separate stand-alone Release and indicates your agreement to the provisions of the Release."

Release of Claims

9.    Release by Named Plaintiffs – In return for the payments made pursuant to the Settlement, the Named Plaintiffs, by executing this Settlement Agreement and Release of Claims, agree to release Defendants from any and all claims which were or could have been asserted in the Complaint or Amended Complaint in this Lawsuit, and any and all claims of any kind arising out of or reasonably related to the period Named Plaintiff worked for Defendants, or the separation of their relationship with Defendants, at any time prior to the date Named Plaintiff signs the Release, as more fully set forth in the Notice of Settlement Agreement, attached as Exhibit 2.

10.    Release by Opt-in Plaintiffs – In return for the payments made pursuant to the Settlement, the Opt-in Plaintiffs, by executing the Settlement Acceptance and Release or the Settlement Check, agree to release Defendants from any and all claims which were or could have

been asserted in the Complaint or Amended Complaint in this Lawsuit, as more fully set forth in the Notice of Settlement Agreement, attached as Exhibit 2.

Notice to the Plaintiffs

11.    Included with the Settlement Check, Plaintiffs' counsel will mail to each of the Named Plaintiffs and Opt-in Plaintiffs in this case the Notices attached to this Settlement as Exhibit 2 and 3, respectively, which describe the settlement and the Release of Claims Against the Released Parties.

Confidentiality

12.    The parties recognize and acknowledge the importance of maintaining this Agreement as confidential, and agree to file the Agreement under seal, or seek in camera review of the Agreement, while filing a redacted version , and to seek entry of a Final Order that keeps the terms of this agreement confidential and that does not specify the monies that were paid to settle the lawsuit. If the Court does not approve the foregoing options, the Parties agree to pursue in good faith other avenues to maintain the confidentiality of the Agreement. The parties agree that, unless required by law or court order, they will keep the terms of this Settlement completely confidential.   To the extent that Plaintiffs are contacted by third parties about this Settlement, they shall reply to the effect that "the case has settled."   Nothing in this paragraph shall prevent Plaintiffs or Defendants from disclosing the terms of this Settlement to their spouses or to their attorneys or financial advisers (with each such person informed of his or her obligation to maintain confidentiality).

Non-Disparagement

11.    The Named Plaintiffs agree that they will not make any disparaging or defamatory remarks to any third party concerning the Defendants, their employees, officers or agents, or their

services.   Such third parties include, but are not limited to, the press and public media (i.e., any employees or agents of newspapers, television stations, radio stations or other media), any organizations or associations, any Internet websites, Facebook, Twitter, "home pages," "blogs," "chat-rooms," or the Defendants' former employees, current employees or prospective employees.   Named Plaintiffs agree that any breach or threatened breach of these non-disparagement provisions would cause irreparable harm to the Defendants and that their remedies at law or in damages would be inadequate to remedy such a breach or threatened breach, and that these non-disparagement provisions may be enforced by way of a restraining order and/or injunction in addition to any other remedies which may be available at law or in equity.

Agreement To Waive Any Reemployment Rights and Not To Seek Reemployment

12.    The Named Plaintiffs forever waive any and all rights to future reinstatement, future reemployment, or future employment in any capacity with the Defendants, and Named Plaintiffs agree not to apply for any position at the Defendants. Named Plaintiffs further agree that if they knowingly or unknowingly apply for a position and are offered or accept a position with the Defendants, the offer may be withdrawn and Plaintiffs may be terminated without notice, cause or recourse.   Further, Named Plaintiffs agree that the refusal of the Company to hire or employ them shall not constitute unlawful discrimination or retaliation.   In the event that Named Plaintiffs are employed by an entity which merges with or is acquired by one of the Defendants, Plaintiffs agree to immediately resign their employment with that entity and, if Named Plaintiffs refuse, Named Plaintiffs may be terminated without notice, cause or recourse, and Named Plaintiffs further agree that such actions shall not constitute unlawful discrimination or retaliation.

<u>Non-Admissions</u>

13.    The parties recognize and agree that any statements made in connection with the making of this Agreement are not an admission of any liability or responsibility for, or of the correctness of, any of the claims which were or may have been asserted in the Lawsuit.  The parties further recognize that the Defendants expressly deny any liability for any claims asserted in the Lawsuit.

14.    This Agreement and each party's compliance with this Agreement shall not be construed as an admission of any liability by any of the parties to the other, and is not in derogation of Defendants' position that they have at all times paid Plaintiffs for all hours worked.

<u>Miscellaneous Terms</u>

15.    Each of the parties stipulates to dismissal with prejudice of the Lawsuit and all claims set forth in any of the pleadings filed therein.  Except as otherwise agreed, each party is responsible for its own fees and costs.  The stipulation of dismissal will be filed by Plaintiffs' counsel upon the Court's approval of the Settlement, if the Court does not otherwise dismiss the lawsuit.

16.    This Settlement contains the entire understanding of the parties with respect to the subject matter herein.  There are no restrictions, warranties, covenants or undertakings other than those expressly set forth herein and in the documents referenced herein.

17.    This Settlement supersedes all former negotiations, undertakings, discussions and agreements between the parties, whether oral or written with respect to the subject matter.

18.    This Settlement shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, administrators, successors and assigns.

19.     This Settlement shall be interpreted, enforced, and governed by the laws of the State of Tennessee, unless federal law otherwise governs.   This Settlement shall be subject to the continuing jurisdiction of the United States District Court for the Western District of Tennessee.

Class Counsel as Signatories

20.     Because of the number of Opt-In Plaintiffs, the parties recognize it is impracticable to have each Plaintiff execute this Settlement and Release.   The notices will advise the Opt-in Plaintiffs of the binding nature of the release, and their endorsement of the Settlement Check shall have the same force and effect as if this Settlement were executed by each Plaintiff with regard to the Plaintiffs' released claims.

The parties, through counsel, have caused this Settlement to be executed as set forth below.

FOR PLAINTIFFS

_____
Byron Purdy

_____
3/9/15
Dated

_____
Joseph Gentile

_____
Dated

_____
Brandon Johnson

_____
3/9/15
Dated

_____
Gordon Jackson
Jackson, Shields, Yeiser & Holt

_____
3/9/15
Dated

FOR DEFENDANTS

_____
Stanfill, Inc.

_____
3-16-15
Dated

_____
Jerry Stanfill

3-16-15
Dated

_Beverly Stanfill_
Beverly Stanfill

_3-16-15_
Dated

_Manager Member_
J S Management, LLC

_3-16-15_
Dated

_Beverly Stanfill  President_
Bevco, Inc.

_3-16-15_
Dated

_Beverly Stanfill  President_
C & K Enterprises, Inc.

_3-16-15_
Dated

_Joel W. Rice_
Craig R. Annunziata
Joel W. Rice
Fisher & Phillips, LLP
10 South Wacker Drive
Suite 3450
Chicago, IL   60606

**3-23-15**
Dated

FPDOCS 30387860.1

10

19.     This Settlement shall be interpreted, enforced, and governed by the laws of the State of Tennessee, unless federal law otherwise governs.   This Settlement shall be subject to the continuing jurisdiction of the United States District Court for the Western District of Tennessee.

Class Counsel as Signatories

20.     Because of the number of Opt-In Plaintiffs, the parties recognize it is impracticable to have each Plaintiff execute this Settlement and Release.   The notices will advise the Opt-in Plaintiffs of the binding nature of the release, and their endorsement of the Settlement Check shall have the same force and effect as if this Settlement were executed by each Plaintiff with regard to the Plaintiffs' released claims.

The parties, through counsel, have caused this Settlement to be executed as set forth below.

FOR PLAINTIFFS

| | |
|---|---|
| _____ | _____ |
| Byron Purdy | Dated |
| _Joseph Gentile_ (signature) | _3/3/2015_ |
| Joseph Gentile | Dated |
| _____ | _____ |
| Brandon Johnson | Dated |
| _____ | _____ |
| Gordon Jackson | Dated |
| Jackson, Shields, Yeiser & Holt | |

FOR DEFENDANTS

| | |
|---|---|
| _____ | _____ |
| Stanfill, Inc. | Dated |
| _____ | _____ |
| Jerry Stanfill | Dated |

*EXHIBIT 1*

| Opt-In Last Name | Opt-In First Name |
|---|---|
| Alstan | Jeremiah |
| Anderson | Dantavius |
| Andrews | Terry |
| Arnold | Colleen |
| Azbill | Leslie |
| Bailey | Chad |
| Bailey | Dylan |
| Bailey | Kayla |
| Baker | Maya |
| Barney | Sarena |
| Baughn | Cheryle |
| Beaver | Brent |
| Beaver | Rebecca |
| Bell | Martravious |
| Bennardo | Dominique |
| Boyd | David |
| Brown | Crista |
| Brown | Eugene, Jr. |
| Brown | Terrez |
| Byford | Jimmy |
| Bykowski | Timothy |
| Carmona | Leannah |
| Carothers | Randy |
| Carper (Brown) | Dakota |
| Carter | Kaitlyn |
| Catron | Kimberly |
| Caudle | Jamani |
| Chambers | Daeshun |
| Charfauros | Amber |
| Clark | Wendell |
| Cochran | Carrie |
| Cockrell | Ashley |
| Colon | Marcelina |
| Combs | Courtney |

*EXHIBIT 1*

| | |
|---|---|
| Conway | Telesa |
| Cooper | Alicia |
| Cooper | Alicia |
| Cornett | Jamison |
| Crawford | Kulaura |
| Crews | Lewis |
| Crist | Austin |
| Crosby | Jill |
| Cross | Taylyn |
| Daughdrill | Emily |
| Dicks | John, Jr. |
| Dobbs | Erika |
| Duvall | Irene |
| Echevarria | Luis |
| Eckford | Marquez |
| Einspahr | Michael (Joseph) |
| Ellis | Kayla |
| Ewing | Montavius |
| Farmer | Dakota |
| Fentress | Sierra |
| Ferguson | Deontez |
| Fizer | David |
| Forrester | Tiffany |
| Fulson | Arthur |
| Gordon | Micah |
| Grayson | Tiarrence |
| Hairston | Kason |
| Hargraves | Ronnie |
| Hasher | Falen |
| Hasher | Savannah |
| Hayes | Johnathan |
| Heinle (Hiehle) | Terrianne Paige |
| Henry | Devin |
| Henry | Jessica |
| Higgs | Dezeare |

*EXHIBIT 1*

| | |
|---|---|
| Hill | Adrian |
| Hill | Marissa |
| Holden | Jacob |
| Hoosier, Jr. | Christopher |
| House | LaDarius |
| Hughes | Steven |
| Hughes | Steven |
| Huntington | Marlo (Mario) |
| Jacques | Tammy |
| Johnson | Charles |
| Johnson | Dwayne |
| Johnson | Jesse |
| Johnson | Ronnie |
| Johnson | Alexis |
| Johnson | Bryant |
| Johnson (Roberson) | Kayla |
| Jones | Haley |
| Jones | Nicolette |
| Kaufman | Holly |
| Kimbel | Desire |
| Knox | Daryl |
| Kocisko | Rhonda |
| Kokoski | Graciella |
| Lackron (Ackron) | Letitia |
| Lahler (Kahler/Kayler) | Alisha |
| Lamb | Jericho |
| Lard | Adrian |
| Lawson | Victoria |
| Lee-Orozco | Casey |
| Lewis | Kayla |
| Lilly | Courtney |
| Lopez-Arroyo | Lorymar |
| Maddox | Daiquiri |
| Martin | Kelsea |
| Mattison | Amber |

*EXHIBIT 1*

| | |
|---|---|
| Maynard | Mark |
| McLaurin | Nashanti |
| McLemore | Martin |
| Milan | Shaneisha |
| Miller | Christian |
| Mills | Ryan |
| Moody | Cody Lee |
| Moore | Sarah |
| Murphy | Marcio |
| Neely | Eugene, Jr. |
| Nell | David (John) |
| Nieves | Jesus |
| Odum | DeMarcus T. |
| Oswald | Christine (Christina) |
| Page | Carrie |
| Payne | Shequea |
| Payne | Whitlee |
| Perry | Kimberly |
| Pierce | Julie |
| Plunk | Dannell |
| Pointer | Gerrod |
| Porter | Robert, Jr. |
| Price | Arthur, Jr. |
| Purnell | Samuel |
| Raizola | Daniel |
| Reed | Chandler |
| Reiley | Nancy |
| Richards | Anna |
| Richards | Skyeler |
| Robinson | Jamesha |
| Scott | Corey |
| Shanklin | Loreda |
| Sheppard | Troy |
| Sherrod | James |
| Shotwell | Sean Lvi |

*EXHIBIT 1*

| | |
|---|---|
| Simmons | Lindsay |
| Slates | Brittany |
| Smith | Robert, Jr. |
| Smith | Timothy |
| Smith | Tishawndra |
| Spann | Ebony |
| Sumpter | Matther |
| Sutcliffe | Maelinda |
| Sutton | Zachariah |
| Taylor | Aries |
| Taylor | Nikita |
| Tharpe | Phelica |
| Tharpe | Twana |
| Tompkins | Magen |
| Tramble | Donesha |
| Travis | Paris |
| Trench | Mary |
| Turner | Darrin E. |
| Tyson | Holly |
| Walker | Jerronica |
| Watkins | Ricky |
| Weaver | Concepsion |
| Webber | Issac |
| Whiteside | Conregon |
| Wilkins | Alisha |
| Williams | Ashley |
| Williams | Courtney |
| Williams | Whitney |
| Willis | Shakkory |
| Wilson | Brittany |
| Wooten | Brian I. |
| Wright | Jessi |
| Wright | Katelyn |
| Wyckoff | Cheyenne M. |

*EXHIBIT 2*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BYRON PURDY, JOSEPH GENTILE, and BRANDON JOHNSON, individually, and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STANFILL, INC., d/b/a Stanfill Sonics, et al. <br><br> Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No.: 1:13-cv-01211<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SETTLEMENT AGREEMENT**

TO:     All Plaintiffs who have joined the lawsuit by filing a consent to join the case.

**IMPORTANT-PLEASE READ THIS NOTICE CAREFULLY**

I.      NOTICE OF YOUR RIGHTS

This Notice describes the Settlement of the Collective Action Lawsuit brought against Defendants Jerry Stanfill, Beverly Stanfill, Stanfill, Inc., J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc. ("Defendants"). As a Plaintiff, you are eligible to participate in the Settlement. This Notice describes the Settlement and explains how to participate in the Settlement, if you so choose.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES IN THIS LITIGATION.

II.     BACKGROUND OF THE CASE

On July 9, 2013, three Plaintiffs filed a federal collective action against Jerry Stanfill, Beverly Stanfill, Stanfill, Inc., claiming that they failed to properly pay minimum wage and overtime to employees as required by the Fair Labor Standards Act (FLSA) by failing to pay for various types of off-the-clock work. The Complaint was later amended to add J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc. as defendants. The Defendants deny the Plaintiffs' claims and contend that they properly paid their employees for all hours worked at a rate above minimum wage and for any overtime hours worked.

*EXHIBIT 2*

Following extensive formal and informal discovery of the claims and defenses, the parties entered into a Settlement Agreement. The Settlement is a compromise of disputed claims and defenses, considering the risks and uncertainties of continued litigation.  The Court has reviewed and approved the Settlement finding it is fair, adequate, and reasonable.

III.   SUMMARY OF THE SETTLEMENT

General Terms:

The Defendants agreed to pay a fixed overall settlement amount which will be used to pay individual settlements for all Plaintiffs who timely sign and return a Settlement Acceptance and Release Form. In addition, Defendants have agreed to pay a class representative fee to Byron Purdy, Joseph Gentile, and Brandon Johnson and to pay attorney fees, which are the subject of a separate agreement.

Your Individual Settlement Amount:

The Formula: Plaintiffs will be paid according to a formula based on the number of shifts worked for the Defendants during the eligible period. Because of the statute of limitations for FLSA claims, no shifts will be counted if they fall more than three years prior to the filing of your consent in this case.

When Will I Know How Much I Will Receive?

Your individual settlement amount is identified in the settlement checks accompanying this notice.  If a Plaintiff chooses not to participate in the Settlement, the sums otherwise payable will revert back to Defendants.

When and How Will I Be Paid?

Your payment is included with this notice in the form of two checks. One check represents half of your amount under the Settlement without withholding and deductions and subject to Form 1099 reporting. The second check represents the other half of your amount under the Settlement Payment with applicable withholdings and deductions and subject to Form W-2 reporting.  You will be responsible for all taxes owed on this payment.  You should consult your tax adviser regarding any questions about the tax consequences of your individual settlement payment.

Attorney Fees and Expenses:

You will not personally pay any attorney fees; the attorney fees will be paid pursuant to a separate agreement which reflects a compromise of the fees in this matter.

*EXHIBIT 2*

<u>Class Representative Payment</u>

Because of their service to the class, including attending and participating in mediation efforts, attending and preparing for their depositions, and responding to written discovery, Plaintiffs Byron Purdy, Joseph Gentile, and Brandon Johnson will receive an additional payment of $9,000.00 each.

IV.    <u>RELEASES</u>

In exchange for the individual settlement amount, you, your heirs, successors, assigns, executors, representatives and agents will release and discharge Defendants Jerry Stanfill, Beverly Stanfill, Stanfill, Inc., J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc., including their subsidiaries, affiliates, predecessors, principals, partners, officers, directors, agents, employees, successors and assigns, from any and all claims, rights, demands, causes of action, and damages, including liquidated damages, expenses, fees and costs, which were or could have been asserted in the complaint or amended complaint in this lawsuit,  including allegations that Defendants did not pay you any required wages, minimum wage or overtime wages pursuant to all state and federal wage and hour laws, including the Federal Fair Labor Standards Act, or any state wage payment laws or state common law contract claims pertaining to payment of wages of any kind.

V.    <u>CONFIDENTIALITY</u>

You agree that, unless required by law or court order, you will keep the terms of this settlement, including the total settlement amount and your individual settlement payment, completely confidential. To the extent that you are contacted by anyone about the settlement of this lawsuit and your individual claim, you will state only words to the effect that "the case has been settled." Nothing in this confidentiality provision shall prevent you from disclosing the terms of the settlement to your spouse or to attorneys or advisers with whom you consult for professional and/or tax advice, provided that you inform such persons of this obligation to maintain confidentiality prior to any disclosure to them.

VI.    <u>HOW TO PARTICIPATE IN THE SETTLEMENT</u>

To receive money from the Settlement, you must review the enclosed Settlement Acceptance and Release and Agreement to Release Claims and endorse the enclosed settlement checks within 180 days from the date each check was issued.

**BY ENDORSING THE ENCLOSED CHECKS YOU ARE RELEASING ALL "RELEASED CLAIMS" AGAINST THE "RELEASED PARTIES" AS EXPLAINED IN THE RELEASE ATTACHED TO THE CHECKS.  YOUR ENDORSEMENT OF THE ENCLOSED CHECK SHALL OPERATE AS IF IT WAS ON A SEPARATE STAND ALONE RELEASE AND INDICATES YOUR AGREEMENT TO THE PROVISIONS OF THE RELEASE.**

*EXHIBIT 2*

**IF YOU DO NOT ENDORSE EITHER CHECK WITHIN 180 DAYS AFTER THE CHECK WAS ISSUED, YOU CANNOT PARTICIPATE IN THE SETTLEMENT.**

VII.    OBTAINING ADDITIONAL INFORMATION

This Notice provides only a summary of the basic terms of the Settlement. Any questions you have about the matters in this Notice should be directed to:

> Gordon E. Jackson
> JACKSON, SHIELDS, YEISER & HOLT
> 262 German Oak Drive
> Cordova, Tennessee 38018
> Telephone: 901-754-8001
> Email: gjackson@jsyc.com

Questions may not be directed to the Court.  You may, of course, seek the advice and guidance of your own individual attorney if you desire.

*Purdy, et al. v. Stanfill, Inc., et al.*
(Case No. 1:13-cv-01211)

*EXHIBIT 3*

## SETTLEMENT ACCEPTANCE AND RELEASE

To Employee:

[Class Member Name]

  Affixed to this Memorandum are two documents: (1) a "Release of Claims Against the Released Parties"; and (2) two settlement checks issued to you in consideration for your agreement to the provisions of the "Release of Claims Against the Released Parties" and your release of claims as set forth in the "Release of Claims Against the Released Parties."

  Please be advised that:

  **BY ENDORSING ONE OR BOTH OF THE ENCLOSED CHECKS YOU ARE RELEASING ALL "RELEASED CLAIMS" AGAINST THE "RELEASED PARTIES" AS EXPLAINED IN THE RELEASE THAT IS ATTACHED TO THIS CHECK. YOUR ENDORSEMENT OF THE ENCLOSED CHECKS SHALL OPERATE AS IF IT WAS ON A SEPARATE STAND ALONE RELEASE AND INDICATES YOUR AGREEMENT TO THE PROVISIONS OF THE RELEASE.**

FPDOCS 30394891.1

*Purdy, et al. v. Stanfill, Inc., et al.*
(Case No. 1:13-cv-01211)

## <u>RELEASE OF CLAIMS AGAINST THE RELEASED PARTIES</u>

By endorsing one or both of the enclosed checks, I agree to release and to forever discharge Defendants Jerry Stanfill, Beverly Stanfill, Stanfill, Inc., J S Management, LLC, Bevco, Inc., and C & K Enterprises, Inc. (the "Released Parties"), from all claims of any kind, whatsoever, now existing, that in any way relate to, were asserted by, or could have been asserted by Byron Purdy, Joseph Gentile, and Brandon Johnson, the named Plaintiffs in the case of *Gentile, et al v. Stanfill, Inc., et al.,* Case No. 1:13-cv-01211, filed in the United States District Court for the Western District of Tennessee – Eastern Division (the "Lawsuit"), regarding reimbursement for hours worked, the payment or non-payment of wages, overtime compensation, minimum wage compensation, meal and rest periods, and resulting penalties, liquidated damages, attorneys' fees, costs, expenses, interest, or any other relief pursuant to all state and federal wage and hour laws, including the Federal Fair Labor Standards Act, or any state wage payment laws or state common law contract claims pertaining to payment of wages of any kind (the "Released Claims").

FPDOCS 30394891.1

*EXHIBIT 4*

## Schedule of Class Payments

The parties are presently preparing the calculations for the individual settlement amounts.